**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
        jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

*[Additional counsel for Plaintiff listed on signature page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA GREY, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>THE HONEST COMPANY, INC.,<br><br>          Defendant. | Case No. 2:17-cv-02335<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

CLASS ACTION COMPLAINT

Plaintiff Chelsea Grey ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant The Honest Company, Inc. ("Honest" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit against Defendant for cheating customers by underfilling bottles of Honest-brand Dish Soap stating that they contain "26.5 fl. oz." of dish soap. On March 23, 2017, the Wall Street Journal reported that "Honest dish soap was sold in bottles stating they contained 26.5 fluid ounces and had been on the market for several years. The bottles actually contained 24 fluid ounces of cleaner, or roughly 10% less liquid, according to people familiar with the matter."[1]

2. A spokeswoman for Honest stated that "[t]he company is rolling out new dish soap in revised packaging with labels stating the bottles contain 24-fluid ounce … to eliminate a small inconsistency between physical fill volume and labeled fill volume."[2]

3. Plaintiff and class members were injured because they received 10% less dish soap than they were promised on the label of each bottle purchased.

4. Plaintiff assert claims on behalf of herself and all similarly situated purchasers of Honest-brand Dish Soap for breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation,

---

[1] *See* Serena NG, *Jessica Alba's Startup Pulls Bottles of Dish Soap that were Underfilled*, Wall Street Journal, Mar. 23, 2017, https://www.wsj.com/articles/jessica-albas-startup-pulls-bottles-of-dish-soap-that-were-underfilled-1490300097.

[2] *Id.*

fraud, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

## THE PARTIES

5. Plaintiff Chelsea Grey is a citizen of Florida who resides in Sanford, Florida. In or about January 2017, Plaintiff purchased a bottle of Honest-brand Dish Soap labeled as containing "26.5 fl. oz.," at a Target retail store located in Sanford, Florida. Plaintiff purchased her Honest-brand Dish Soap for household and personal use. Moreover, she purchased her Honest-brand Dish Soap after reading the label on the bottle that said it contained 26.5 fluid ounces and the corresponding "unit price" listed on the store shelf. These representations were substantial factors influencing her decision to purchase Honest-brand Dish Soap. Plaintiff purchased a bottle of Honest-brand Dish Soap that was underfilled. She would not have purchased Honest-brand Dish Soap if she had known that the bottles were underfilled.

6. Defendant Honest is incorporated in Delaware, and has its corporate headquarters at Playa Vista, California. Honest markets and sells Honest-brand Dish Soap both online and in numerous brick and mortar stores including Target and Whole Foods.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and most members of the proposed class are citizens of states different from Defendant. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b)(2), this Court is the proper venue for this action because Defendant resides in this District.

CLASS ACTION COMPLAINT 2

# CLASS REPRESENTATION ALLEGATIONS

9. Plaintiff seeks to represent a class defined as all persons in the United States who purchased Honest-brand Dish Soap (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

10. Plaintiff also seeks to represent a subclass of all Class members who purchased Honest-brand Dish Soap in Florida (the "Florida Subclass").

11. Members of the Class and Florida Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Florida Subclass number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third party retailers and vendors.

12. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: whether Honest-brand Dish Soap bottles are underfilled; whether Defendant warranted that Honest-brand Dish Soap bottles contained 26.5 fluid ounces of dish soap; whether Defendant breached this warranty; and whether Defendant committed statutory and common law fraud by doing so.

13. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff purchased Honest-brand Dish Soap in reliance on the representations and warranties described above and suffered a loss as a result of that purchase.

14. Plaintiff is an adequate representative of the Class and the Florida Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in

prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

15. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
## Breach Of Express Warranty

16. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

17. Plaintiff brings this claim individually and on behalf of the proposed Class and Florida Subclass against Defendant.

18. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that Honest-brand Dish Soap bottles contained 26.5 fluid ounces of dish soap.

19. In fact, that express warranty is false. Particularly, Honest-brand Dish Soap is underfilled by 10%.

20. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased Honest-brand Dish Soap on the same terms if the true facts were known concerning its quantity; (b) they paid a price premium for Honest-brand Dish Soap due to Defendant's promises that it contained 26.5 fluid ounces of dish soap; and (c) Honest-brand Dish Soap did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT II

## Breach Of Implied Warranty Of Merchantability

21. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

22. Plaintiff brings this claim individually and on behalf of the proposed Class and Florida Subclass against Defendant.

23. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that Honest-brand Dish Soap contained 26.5 fluid ounces of dish soap.

24. Defendant breached the warranty implied in the contract for the sale of Honest-brand Dish Soap because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because Honest-brand Dish Soap is underfilled, and does not contain 26.5 fluid ounces of dish soap. As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

25. Plaintiff and Class members purchased Honest-brand Dish Soap in reliance upon Defendant's skill and judgment and the implied warranties of merchantability.

26. Honest-brand Dish Soap was not altered by Plaintiff or Class members.

CLASS ACTION COMPLAINT 5

27. Honest-brand Dish Soap was defective when it left the exclusive control of Defendant.

28. Defendant knew that Honest-brand Dish Soap would be purchased and used without additional testing by Plaintiff and Class members.

29. Honest-brand Dish Soap was defectively designed and unfit for its intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

30. As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased Honest-brand Dish Soap on the same terms if the true facts were known concerning its quantity; (b) they paid a price premium for Honest-brand Dish Soap due to Defendant's promises that it contained 26.5 fluid ounces of dish soap; and (c) Honest-brand Dish Soap did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT III
## Unjust Enrichment

31. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

32. Plaintiff brings this claim individually and on behalf of the proposed Class and Florida Subclass against Defendant.

33. Plaintiff and Class members conferred benefits on Defendant by purchasing Honest-brand Dish Soap.

34. Defendant had knowledge of these benefits.

35. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of Honest-brand Dish Soap. Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that Honest-brand Dish Soap contained 26.5 fluid ounces

of dish soap when it only contained 24 fluid ounces. This misrepresentation caused injuries to Plaintiff and Class members because they would not have purchased Honest-brand Dish Soap if the true facts were known, or would have only been willing to pay a lower price.

36. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class members for their unjust enrichment, as ordered by the Court.

## COUNT IV

### Violation Of The Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*

37. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

38. Plaintiff brings this claim individually and on behalf of the members of the proposed Florida Subclass against Defendant.

39. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* (the "Act"). The express purpose of the Act is to "protect the consuming public … from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. §§ 501.202(2).

40. Plaintiff and Class members are "consumers" within the meaning of Fla. Stat. §§ 501.203(7).

41. Defendant was engaged in "trade or commerce" as defined by Fla. Stat. §§ 501.203(8).

42. The sale of Honest-brand Dish Soap constituted "consumer transactions" within the scope of Fla. Stat. §§ 501.201 to 501.213.

43. Fla. Stat. §§ 501.204(1) declares unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

44. Defendant has violated the Act by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers. Specifically, Defendant represented that Honest-brand Dish Soap contained 26.5 ounces of dish soap when it did not.

45. Defendant's unfair and deceptive practices are likely to mislead -- and have misled -- the Plaintiff and Class members acting reasonably under the circumstances, and violates Fla. Stat. §§ 501.204.

46. Defendant's conduct proximately caused the injuries to Plaintiff and the Class.

47. Plaintiff and the Class have been aggrieved by Defendant's unfair and deceptive practices in that (a) they would not have purchased Honest-brand Dish Soap had they known the bottles were underfilled, and (b) they were shorted on the amount of dish soap they received because the 26.5 fl. oz. bottles were underfilled.

48. The damages suffered by Plaintiff and the Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant, as more fully described herein.

49. Pursuant to Fla. Stat. §§ 501.211(1), Plaintiff and the Class seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

50. Additionally, pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Plaintiff and the Class make claims for damages and attorneys' fees and costs.

## COUNT V

### Negligent Misrepresentation

51. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

52. Plaintiff brings this claim individually and on behalf of the proposed Class and Florida Subclass against Defendant.

53. As discussed above, Defendant misrepresented that Honest-brand Dish Soap bottles contained 26.5 fluid ounces of dish soap.

54. At the time Defendant made this representation, Defendant knew or should have known that it was false or made them without knowledge of their truth or veracity.

55. At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about Honest-brand Dish Soap.

56. The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Honest-brand Dish Soap.

57. Plaintiff and Class members would not have purchased Honest-brand Dish Soap if the true facts had been known.

58. The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI

### Fraud

59. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60. Plaintiff brings this claim individually and on behalf of the proposed Class and Florida Subclass against Defendant.

61. As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about Honest-brand Dish Soap, including but not limited to the fact that it did not contain 26.5 fluid ounces of dish soap. These misrepresentations and omissions were made with knowledge of their falsehood.

62. The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Honest-brand Dish Soap.

70. The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

A. For an order certifying the nationwide Class and the Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and the Florida Subclass, and Plaintiff's attorneys as Class Counsel to represent members of the Class and Florida Subclass;

B. For an order declaring the Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff, the nationwide Class, and the Florida Subclass on all counts asserted herein;

Case 2:17-cv-02335-JFW-JEM   Document 1   Filed 03/24/17   Page 12 of 13   Page ID #:12

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. To engage in a corrective advertising campaign; and

H. For an order awarding Plaintiff, the Class, and the Florida Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: March 24, 2017          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
             jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

CLASS ACTION COMPLAINT                                                                 11

**THE FRASER LAW FIRM, P.C.**
Michael T. Fraser (State Bar No. 275185)
4120 Douglas Blvd., Suite 306-262
Granite Bay, California 95746
Tel: 888/557-5115
866/212-8434 (fax)
mfraser@thefraserlawfirm.net

*Counsel for Plaintiff*